# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

LARON N. CUNNINGHAM,       :

       Plaintiff,         :

vs.                     :

B. D. PIERCE, et al.,        :

       Defendants.       :

Case No. 3:13cv00213

District Judge Thomas M. Rose
Chief Magistrate Judge Sharon L. Ovington

---

# REPORT AND RECOMMENDATIONS[1]

---

Plaintiff Laron Cunningham, who is currently incarcerated in the Montgomery County Jail, brings this case *pro se* naming as Defendants B.D. Pierce and the Montgomery County Jail.  (Doc. #1).  Plaintiff purports to bring this action under the Civil Rights Act of 1886, 42 U.S.C. § 1983, 1988, and 1990, and the Fifth and Fourteenth Amendments to the United States Constitution.  He raises claims against a prison official, B.D. Pierce, and the Montgomery County Jail.  Plaintiff describes a series of events that allegedly occurred between himself and B.D. Pierce, primarily relating to his job assignment in the inmate worker program at the Montgomery County Jail.  (Doc. #1-1, *PageID##* 3-6).  Plaintiff argues Pierce's alleged actions amount to harassment, intimidation, and verbal abuse.  He

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

argues his constitutional rights have been violated because the "5th and 14th [Amendments] guarantee equal protections in work place located in such a place as Montgomery County Jail." (*Id.*, *PageID# 5*). Plaintiff requests an unspecified amount of "civil damages [be] awarded against defendant and her employer under rule 8a as required under 42 usc 1983." (*Id.*).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

*Sua sponte* review under § 1915(e)(2)(B) determines whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious and it may not be dismissed *sua sponte. Brand v. Motley,* 526 F.3d 921, 923–24 (6th Cir.2008); *see Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand,* 526 F.3d at 923 (quoting *Neitzke v. Williams,* 490 U.S. 319, 327–28, 109 S.Ct. 1827, (1989)); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it

2

presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327–28; *see also Brand,* 526 F.3d at 923. The main issue thus presented by a sua sponte review at this early stage of the case is "whether [the] complaint makes an arguable legal claim and is based on rational facts." *Brand,* 526 F.3d at 923–24 (citing *Lawler,* 898 F.2d at 1198).

Plaintiff's Complaint does not raise fantastic or delusional facts; it instead describes a series of alleged events and circumstances grounded on rational facts. *See Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008); *see also Jones v. Schmaker*, 1999 WL 1252870 at *1 (6th Cir. 1999) ("Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts." (citing *Lawler,* 898 F.2d at 1198-99)).

Plaintiff alleges on May 27, 2013 he was given a new job assignment in the inmate worker program at the Montgomery County Jail, specifically as "Elevator or Cart Man." (Doc. #1-1, *PageID#* 3).  Plaintiff states that his assignment requires him to primarily perform the following tasks: (1) transport food carts to and from designated housing units; (2) keep elevators clean, clear, and free of any spills and/or debris; and (3) transport any extra trays or food items which need to be taken to housing units.  (*Id.*).

Plaintiff alleges that shortly after he was provided with his new job assignment, "B.D. Pierce began to accuse him of being in [the] kitchen to[o] much and harassing him for such."

3

(*Id.*).  Plaintiff describes this "harassment" as follows:

> Every morning she began to harass plaintiff on stenil button upon leaving his housing
> unit talking to him loud and disrespectful in intimidating way saying I better not see
> you in the kitchen.  For no apparent reason B.D. Pierce began telling worker pod
> officers that she didn't feel plaintiff should have that job and she wanted him fired.
> Her actions to no avail because upon her doing so the pod officers told her they
> wouldn't fire the plaintiff because he was too good of a worker.  After B.D. Pierce
> failed attempt to get plaintiff fired the harassment got worse.
>
> B.D. Pierce began to frequently tell plaintiff on stenil button that she is the "Eye in
> the Sky," I'm watching you and can see every move you make in this control room
> trying to intimidate the plaintiff.  B.D. Pierce is also conspiring with and or trying to
> implicate other officers to be a part of this harassment against plaintiff by having
> them tag along with plaintiff watching him do his job and trying to make sure he goes
> back to pod when job assignment is over.  This is obvious for until harassment began
> by B.D. Pierce no C.O. followed plaintiff and offered to help do his work or asked
> questions like are you done and aren't you to report back to pod once you're done.
>
> On June 1st, 2013, B.D. Pierce started harassing plaintiff on stenil button again and
> plaintiff again told her the instructions he was given by officer over worker pod and
> officer who is regular post worker of Bravo pod and B.D. Pierce replied I don't care
> they are not working today.  B.D. Pierce does not have authority nor jurisdiction to
> change nor alter inmate worker job duties.  The Montgomery County Jail employs
> and has placed in post officers who are responsible for such.  Unless B.D. Pierce
> caught plaintiff committing rule violation or posing a threat to security she was out of
> the scope of her authority and jurisdiction and should have never interfered nor
> harassed and or intimidated plaintiff.  She has made plaintiff's job miserable and to a
> degree unbearable.  Her continual harassment and intimidation has also affected
> plaintiff's state of mind causing him to be overly anxious, depressed and disturbed as
> it is he has already been diagnosed in his past with schizophrenia, anxiety and
> depression.

(Doc. #1-1, *PageID##* 3-4).

When Plaintiff's factual allegations are fully credited and liberally construed in his

favor, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the Complaint is not

sufficient to avoid *sua sponte* dismissal because it fails to make an arguable legal claim

based on rational facts.

To state a claim under § 1983, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and 2) the deprivation was caused by a person acting under the color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 56 L. Ed. 2d 185, 98 S. Ct. 1729 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

In this case, it appears Plaintiff's complaints stem entirely from the alleged comments Pierce has made to him over the loudspeaker, as well as the extra supervision he has recently received while performing his prison job as an elevator/cart man.  Plaintiff may not like the comments or extra supervision he has been receiving, however, he has not been deprived of a constitutional right or privilege as a result.  The Eighth Amendment prohibits any punishment which violates civilized standards of decency or involves the "unnecessary and wanton infliction of pain."  *Ingraham v. Wright*, 430 U.S. 651, 670, 51 L. Ed. 2d 711, 97 S. Ct. 1401 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102-03, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)).  Plaintiff's complaints against Pierce fail to state an Eighth Amendment claim because neither verbal harassment nor threats constitute punishment within the context of the Eighth Amendment.  *See Violett v. Reynolds*, 76 Fed. Appx. 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim.").  There also is no indication that Plaintiff is under any type of immediate or impending serious physical injury as a result of these alleged actions.

Plaintiff likewise cannot establish a claim based on Pierce's alleged threat to remove

5

him from his position as an elevator/cart man, because "[a] prisoner has no constitutional right to prison employment or a particular prison job."  *Carter v. Tucker*, 69 Fed. Appx. 678, 680 (6th Cir. 2003) (citing *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989)); *see also Dobbins v. Craycraft*, 423 Fed. Appx. 550, 552 (6th Cir. 2011); *Majied v. Brown*, 803 F.2d 720, *2 (6th Cir. 1986) ("[t]he classifications and work assignments of prisoners are matters of prison administration, within the sound discretion of prison administration, within the sound discretion of prison administrators.").

Plaintiff also is unable to sue the Montgomery County Jail because it is not *sui juris*, not an independent suable legal entity.

For all of the above reasons, Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1.   Plaintiff Laron N. Cunningham's Complaint be DISMISSED WITH PREJUDICE;

2.   The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and,

3.   The case be terminated on the docket of this Court.


September 10, 2013

                    s/Sharon L. Ovington
                    Sharon L. Ovington
                Chief United States Magistrate Judge

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).